```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
              SOUTHERN DIVISION at LONDON
```

SHERRY MILLS,                          )
                                       )
    Plaintiff,                         )
                                       ) Civil Action No. 07-218-JMH
                                       )
v.                                     )
                                       )
MICHAEL J. ASTRUE, COMMISSIONER        )  **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY,                    )
                                       )
    Defendant.                         )
                                       )
                                       )

        **   **   **   **   **

This matter is before the Court on cross motions for summary judgment [Record Nos. 9 and 11][1] on the plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits and Supplemental Security Income (SSI). The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff filed a timely written request for hearing regarding her repeatedly denied requests for disability insurance benefits. Administrative Law Judge (hereinafter, "ALJ") Joan A. Lawrence, after holding a hearing [Tr. 411-434], denied Plaintiff's

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

application [Tr. 15-24]. ALJ Lawrence's determination became the Commissioner's final decision when the Appeals Council denied review [Tr. 6-90]. Jurisdiction exists under 42 U.S.C. § 405(g).

At the time of the ALJ's decision, the plaintiff was 40 years old. She has an limited education [Tr. 24], and past relevant work as a fast food worker [Tr. 23]. The ALJ after reviewing the entire record found, *inter alia*, that the plaintiff suffered from a number of conditions but that she did not have one, either singly or in combination met a listed impairment [Tr. 23]. The plaintiff does not point to any listed impairment which her condition, either singly of combination, satisfies. Rather, she challenges the ALJ's finding that she possessed the residual function capacity to perform her past relevant work as well as various other jobs in the national economy [Tr. 23].

## II. OVERVIEW

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits her physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then she is disabled regardless of other factors.

2

> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do her previous work, then she is not disabled.
>
> 5. If the claimant cannot do any work she did in the past because of a severe impairment, then the Secretary considers her residual functional capacity, age, education, and past work experience to see if she can do other work. If she cannot, the claimant is disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of ther process to prove that she is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Services,* 14 f.3d 1107, 1110 (6th Cir 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Services.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching her conclusion. *Landsaw v.*

*Sec'y of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

## IV. ANALYSIS

The plaintiff argues in general terms that the ALJ completely ignored the documented findings of the treating and examining sources. However, a review of ALJ Lawrence's decision refutes her argument. The ALJ spent a considerable portion of the same discussing the objective medical evidence as well as the findings of various treating and physicians, psychologists and psychiatrists [Tr. 16-19]. The plaintiff without offering any specific detail contends that these sources support her disability claim. However, even though none of this evidence contains a suggestion, express or implied, which rules out the plaintiff from performing her past relevant work or any other work, the ALJ found the plaintiff had certain restrictions [Tr. 23].

The plaintiff also finds fault with the ALJ's consideration of her depression. Again, the record belies her contention as the ALJ's decision reflects considerable attention was given to the plaintiff's mental health evaluations and treatment [Tr.18-19 and 21]. Although the ALJ found the plaintiff's depression to be

4

severe, that is more than a slight or minimal impairment, see 20 C.F.R. §§ 404.1521, 416.921, she further found that the same did not preclude the claimant from engaging in her past relevant work or other work. This finding is supported by the psychological evaluations of Mr. Leisenring [Tr. 212-26], Dr. Starkey [Tr. 310-20], and Dr. Sillers [Tr. 263-27].

In response to a hypothetical propounded by the ALJ which included the claimant's limitations found by the ALJ, limitations supported by substantial evidence, and her past relevant work, a vocational expert opined that the claimant could still perform her past work [Tr. 427-28]. The vocational expert further opined that there was other work in the national economy the claimant could still perform[Tr. 428-29].

In *Hardaway v. Sec. of Health & Human Services*, 823 F.2d 922 (6th Cir. 1987), the Court stated that where there was conflicting evidence from different doctors, the ALJ was entitled to determine which evidence was to be included in the hypothetical question. "The determination of disability must be made on the basis of the entire record and not on only some of the evidence to the exclusion of all other relevant evidence. [...] An ALJ may ask a vocational expert hypothetical questions, provided the question is supported by evidence in the record." *Id*. at 957. In the instant case, the the hypothetical questions are so supported. Therefore, the hypothetical question was accurate as required by *Varley v.*

5

*Secretary of Health and Human Serices,* 820 F.2d 777, 779 (6th Cir. 1987). The ALJ's decision to deny the plaintiff's request for disability insurance benefits was supported by substantial evidence.

### V. Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED**:

(1) That the defendant's motion for summary judgment [Record No. 11] be, and the same hereby is, **GRANTED;** and

(2) That the plaintiff's motion for summary judgment [Record No. 9] be, and the same hereby is, **DENIED.**

This the 4th day of January, 2008.



Signed By:
*Joseph M. Hood*
United States District Judge

6